United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALEJANDRO RIVAS HERNANDEZ,            §
                                      §
            Petitioner,               §
                                      §
v.                                    §    CIVIL ACTION NO. H-26-2511
                                      §
BRET BRADFORD, et al.,                §
                                      §
            Respondents.              §

## MEMORANDUM OPINION AND ORDER

Alejandro Rivas Hernandez ("Petitioner"), a citizen of Cuba, entered the United States at a port of entry on October 22, 2021.[1] On October 27, 2021, Petitioner was released on his own recognizance.[2]   On January 22, 2026, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody during a routine ICE check-in.[3]   On January 23, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the

---

[1]Petition for Writ of Habeas Corpus and Request for Order to Show Cause ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 10; Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ"), Docket Entry No. 10, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 10, p. 2.

[3]Id.

Attorney General."[4]   On February 27, 2026, Petitioner filed an application for asylum and an application to adjust status.[5]   On April 10, 2026, Petitioner filed a motion for continuance, which was granted by an immigration judge on April 27, 2026.[6]   On May 18, 2026, Petitioner's application to adjust status was denied.[7] Petitioner's asylum application is still pending and he remains in immigration custody.[8]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).   Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act, (2) due process, (3) equal protection, and (4) the Suspension Clause, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[9]   Petitioner also argues that his warrantless arrest violates the Accardi doctrine.[10]   Additionally, on May 12, 2026, after Respondents failed to file a timely response to Petitioner's Habeas Petition, the court entered an order

_____

[4]Id.

[5]Id.

[6]Id. at 2–3.

[7]Id. at 3.

[8]Id.

[9]Habeas Petition, Docket Entry No. 1, pp. 23–36 ¶¶ 75–143. As explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claims that his detention violates the Suspension Clause and the APA are foreclosed.

[10]Id. at 37–38 ¶¶ 144–154.

ordering Respondents to reply by May 22, 2026.[11]  On May 26, 2026, Petitioner filed Petitioner's Motion for Entry of Default Pursuant to Federal Rule of Civil Procedure 55 and for Immediate Release ("Default Motion") (Docket Entry No. 9).

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 10), which was filed on May 26, 2026.  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[12]  Petitioner has not filed a reply.

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants

---

[11]Order to Show Cause, Docket Entry No. 8, p. 2.

[12]Respondents' MSJ, Docket Entry No. 10, pp. 1-2.

for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner's "Fifth Amendment equal protection claim is unavailing because he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in Buenrostro-Menendez."[13] Soy v. Blanche, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

Moreover, Petitioner cannot seek habeas relief under the Accardi doctrine. Although Petitioner alleges he was arrested without a warrant in violation of 8 C.F.R. § 287.8(c)(2)(ii), "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

Finally, Petitioner's Default Motion will be denied because "even in the face of technical default, such as when a party files

---

[13]Although Petitioner argues that noncitizens who overstayed their visas are a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, "Petitioner is comparing himself to a distinct group of noncitizens who are in removal proceedings on entirely different grounds." Respondents' MSJ, Docket Entry No. 10, p. 13 (explaining that "entry into the United States without inspection is a criminal offense, [while] overstaying a visa is a civil infraction").

its first responsive pleading late, a movant is not entitled to a default judgment as a matter of right." Bloom v. Memorial Hermann Hospital System, 653 F.App'x 804, 805 (5th Cir. 2016).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus and Request for Order to Show Cause (Docket Entry No. 1) and Petitioner's Motion for Entry of Default Pursuant to Federal Rule of Civil Procedure 55 and for Immediate Release (Docket Entry No. 9) are **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 26th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE